IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TONY KELSEY, ADC #164630**                                                           **PLAINTIFF**

v.                              **CASE NO. 4:22-CV-00064-JM-PSH**

**RAMONA HUFF, et al.**                                                                **DEFENDANTS**

### HIPAA QUALIFIED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1) The parties and their attorneys, and any future parties and their attorneys, in the above captioned litigation are hereby authorized to receive, subpoena and transmit "protected heath information" from Wellpath, LLC pertaining to Plaintiff and Buril Harvey to the extent and subject to the conditions outlined herein.

2) For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information relating to either: (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3) All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose protected health information pertaining to Plaintiff and Buril Harvey, to attorneys

representing Plaintiff and Defendant(s) in the above-captioned litigation. This Order only authorizes the minimum limited health information of Buril Harvey to be received, subpoenaed and transmitted, specifically Wellpath medical records of Buril Harvey from January 1, 2020 through June 30, 2023.

4) The parties and their attorneys shall be permitted to use or disclose the protected health information of Plaintiff or Buril Harvey for purposes of prosecuting or defending this action, including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process. Any such uses or disclosures of protected health information in court filings shall be made under seal.

5) Prior to disclosing protected health information to persons involved in this litigation, counsel shall inform each such person that Plaintiff's or Buril Harvey's protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving protected health information do not use or disclose such information for any purpose other than this litigation.

6) Within 45 days after the conclusion of the litigation, including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return protected health information to the covered entity or destroy any and all copies of protected health information, except that counsel are not required to secure the return or destruction of protected health information submitted to the court.

7) This Order does not control or limit the use of protected health information pertaining to Plaintiff or Buril Harvey that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

Dated:

IT IS SO ORDERED.

_____
Honorable Patricia Harris