IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TONY KELSEY**                                                    **PLAINTIFF**
**ADC #164630**

v.                  No: 4:22-cv-00064 JM-PSH

**MARY COBB,** *et al.*                                      **DEFENDANTS**

## ORDER

The following motions are pending in this case:

- Plaintiff's Motion for Summary Judgment on Liability (Doc. No. 88);

- Defendant Gary Musselwhite's Motion to Dismiss (Doc. No. 97);

- Defendants' Motion for Summary Judgment on Exhaustion (Doc. No. 100);

- Defendants' Motion to Strike Third Amended Complaint (Doc. No. 103); and

- Defendants' Motion for Stay (Doc. No. 105).

I have carefully reviewed these motions and the pleadings responding to them, and find that the issue of exhaustion should be finally decided before the case moves on. The Plaintiff's frustration with the timeliness of Defendants' second motion and request for hearing is understandable. However, whether or not plaintiff exhausted his administrative remedies before filing this case is an open issue that may be raised at trial, and it serves judicial economy to decide that issue before trial. *See Foulk v.*

*Charrier,* 262 F.3d 687, 697 (8th Cir. 2001); *see also Dunahue v. Kelley*, No. 2:18-CV-103-DPM (E.D. Ark. May 11, 2023) (Doc. No. 222).  I am not persuaded that the grievance at issue in this case failed to adequately describe his claims in this case – Plaintiff specifically complained that the inmate who attacked him had previously assaulted three other inmates but continued to "get back out" and attack again.  *See* Doc. No. 107-9 at 1.  Accordingly, my recommendation on that point will remain the same.  However, an issue of fact remains as to whether Plaintiff followed the ADC's grievance procedure and properly appealed the decision on his grievance.  *See* Doc. No. 36 at 10-11.  Accordingly, I will schedule an evidentiary hearing by subsequent notice on the Defendants' Motion for Summary Judgment on Exhaustion to decide that limited issue.  Once I have taken evidence on that issue, I will make a recommendation on that motion along with the Defendants' motion to dismiss and motion to strike.

Defendant's Motion for Stay (Doc. No. 105) is GRANTED in part and DENIED in part.  Defendants are not required to respond to the Third Amended Complaint until the Court has made a final ruling on their motion to dismiss and motion to strike.  There is no need, however, to stay this entire case in the meantime; accordingly, the Defendants' motion to stay the entire case is DENIED.

IT IS SO ORDERED this 30th day of January, 2024.

_____
UNITED STATES MAGISTRATE JUDGE